**FILED**

JUL 01 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                    DEPUTY CLERK

1
2
3
4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

ATHEIST ALLIANCE §
INTERNATIONAL, §
California Registration No. §
3398233 ~Sam Tahmassebi §
    *Plaintiff* C019.203.2501 §
    *(pro se litigant),* 6335 Nancy §
    ridge Dr Ste §
v. 200 San Diego §
    92121 §
ATHEIST ALLIANCE §
INTERNATIONAL, §
California Registration No. §
5692119 §
    *Defendant.* §

Civil Action No. 2:24-cv-1837
                      DJC AC

5
6
7

## PLAINTIFF'S COMPLAINT FOR
## DECLARATORY JUDGMENT
## AND RELIEF PURSUANT TO 15 U.S.C. § 1125

8    Plaintiff Atheist Alliance International, a California nonprofit corporation with a registration

9    number of 3398233 ("Plaintiff AAI-233" or "Plaintiff") files this complaint for declaratory

10   judgment against the Defendant Atheist Alliance International, a California nonprofit corporation

11   with a registration number of 5692119 ("Defendant AAI-119" or "Defendant").

12                               **NATURE OF THE ACTION**

13   1.    Plaintiff AAI-233 seeks declaratory judgment of non-infringement of alleged

14   trademark rights asserted against Plaintiff by Defendant  AAI-119.

15   2.    Defendant  AAI-119 has asserted that Plaintiff AAI-233 is infringing Defendant's

16   alleged trademark rights by continuing to offer services to its members and affiliated organizations

17   under the trademark "ATHEIST ALLIANCE INTERNATIONAL."

PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT                    Page 1
AND RELIEF PURSUANT TO 15 U.S.C. § 1125



1      3.     Plaintiff AAI-233 denies that it has infringed any trademark rights owned by

2  Defendant AAI-119 regarding the provision of services.


3                              **THE PARTIES**

4      4.     Plaintiff AAI-233 is a California Public Benefit Nonprofit Corporation organized

5  and existing under the laws of the State of California, having received the Registration Number

6  3398233 from the California Secretary of State, with its principal place of business located in Scotts

7  Valley, California.

8      5.     Upon information and belief, Defendant AAI-119 is a California Public Benefit

9  Nonprofit Corporation organized and existing under the laws of the State of California, having

10  received the Registration Number 5692119 from the California Secretary of State, with its principal

11  place of business represented to be 1401 21st St., # 6017, Sacramento, CA 95811.


12                          **JURISDICTION AND VENUE**

13      6.     This is an action for declaratory judgment arising under (i) the Trademark Laws of

14  the United States, 15 USC § 1051 *et seq.* (the "Trademark Act"); (ii) 15 U.S.C. §1125, *et seq.* (the

15  "Lanham Act"); and (iii) 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act).  Thus, this

16  Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§

17  1331 and 1338.

18      7.     Defendant AAI-119 is also subject to the personal jurisdiction of this Court because

19  the Defendant is organized under the laws of State of California and maintains its official address

20  in the County of Sacramento, State of California. Thus, this Court has both general and specific

21  personal jurisdiction over Defendant AAI-119.

**PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT**          **Page 2**
**AND RELIEF PURSUANT TO 15 U.S.C. § 1125**

1    8.    Venue of this action is proper in the Eastern District of California under 28 U.S.C.

2    § 1391(b)(1) and (2) because Defendant  AAI-119, having a business address in the County of

3    Sacramento, is subject to the personal jurisdiction of this Court in this Judicial  District  and  thus

4    qualifies  as  a  resident  of  this  Judicial  District  under  28  U.S.C. § 1391(c)(2).

5                                    **FACTUAL BACKGROUND**

6    9.    Plaintiff re-avers and re-states the foregoing Paragraphs 1-8 inclusively as if fully set

7    forth herein.

8    10.    Plaintiff AAI-233 is a California nonprofit organization with its principal place of

9    business currently located in the city of Scotts Valley, Santa Cruz County, California. Plaintiff AAI-

10    233 provides educational material and advocacy support for atheists and agnostics throughout the

11    world.

12    11.    In its current embodiment, Plaintiff AAI-233 was organized when on or about July

13    5, 2011, Plaintiff submitted Articles of Incorporation to the California Secretary of State. On or

14    about November 30, 2011, Plaintiff was registered with the California Attorney General's Registry

15    of Charitable Trusts. On or about March 12, 2012, Plaintiff received tax exempt status from the

16    Internal Revenue Service under section 501(c)(3) of the Internal Revenue Code.

17    12.    Plaintiff AAI-223 has maintained an online presence for several years under the URL

18    https://www.atheistalliance.org/.

19    13.    On or about June 1, 2022, Plaintiff's registration with the California Department of

20    Justice as a charitable organization was revoked because Plaintiff failed to submit the required

21    annual filings with the Department. However, Plaintiff expeditiously cured the deficiencies and,

**PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT**                    **Page 3**
**AND RELIEF PURSUANT TO 15 U.S.C. § 1125**

1    consequently, on or about April 28, 2023, the registration was reinstated on a probationary basis.

2    14.    On or about May 25, 2021, the California Secretary of State suspended Plaintiff's

3    registration for failure to submit a timely Statement of Information. However, Plaintiff

4    expeditiously cured the deficiencies and, consequently, on or about September 10, 2023, the

5    suspension was revoked. Similarly, on or about July 1, 2021, the Franchise Tax Board suspended

6    Plaintiff's registration. Even though Plaintiff expeditiously cured the deficiencies, as of the filing

7    of this document, the suspension has not been revoked.

8    15.    Defendant  AAI-119 is a California nonprofit organization having received the

9    registration number 5692119. Defendant  AAI-119 filed for registration with the Secretary of State

10   on or about May 1, 2023, close to 12 years after the Plaintiff.

11   16.    Defendant  AAI-119 established an online presence under the domain name

12   https://atheist-alliance.org/. Under the Corporate History tab of the website, Defendant  AAI-119

13   admits that "a new nonprofit corporation called Atheist Alliance International was registered in

14   California in 2023 by a group of people who were not associated with the suspended organization."

15   Furthermore, under the Activities tab, the website lists activities that were conducted before

16   Defendant  AAI-119 was registered in California as a business.

17   17.    The logo used by Defendant  AAI-119 on its website is identical to the logo that the

18   Plaintiff AAI-233 has been using since its inception.

19   /////////////////////////////////////////////////////////////////////////////////////////////////////////////////

20   /////////////////////////////////////////////////This space intentionally left blank/////////////////////////////////////

21   /////////////////////////////////////////////////////////////////////////////////////////////////////////////////

22   /////////////////////////////////////////////////////////////////////////////////////////////////////////////////

**PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT**          **Page 4**
**AND RELIEF PURSUANT TO 15 U.S.C. § 1125**

## DEFENDANT'S ACTS COMPRISING
## ACTUAL CONTROVERSY

18.     Plaintiff re-avers and re-states the foregoing Paragraphs 1-17 inclusively as if fully set forth herein.

19.     On or about June 18, 2024, Defendant  AAI-119 threatened litigation against Plaintiff AAI-233, asserting that Plaintiff is infringing Defendant's claimed trademark in its name. Such threats were communicated by a letter dated June 18, 2024, entitled "CEASE AND DESIST DEMAND FOR UNAUTHORIZED USE OF TRADING NAME," which clearly and unambiguously articulated Defendant's intent to commence litigation to enforce their purported intellectual property rights.

20.     Defendant's letter of June 18, 2024, expressly asserted, "Therefore, we formally demand that you immediately cease and desist from any and all use of the trade name ATHEIST ALLIANCE INTERNATIONAL. *** Should you fail to comply with this cease and desist demand within fourteen (14) days of the date of this letter [i.e., July 2, 2024], we will be forced to initiate legal proceedings against you to protect our interests. This includes seeking an injunction against you and claiming damages for infringement."

21.     Plaintiff avers that according to the holding of *Southern California Darts Association v. Zaffina*, 762 F.3d 921 (9th Cir., 2014), Plaintiff AAI-233 is entitled to continue to enforce its trademark rights under 15 U.S.C. §1125.

22.     There presently exists a justiciable controversy regarding the Plaintiff's right to use the name ATHEIST ALLIANCE INTERNATIONAL for its educational and advocacy purposes free of any allegation by Defendant  that such conduct constitutes an infringement of any trademark rights allegedly owned by Defendant  AAI-119.

**FIRST CLAIM FOR RELIEF**
**(Non-Infringement of Trademarks)**

1
2

3    23.    Plaintiff re-avers and re-states the foregoing Paragraphs 1-22 inclusively as if fully

4    set forth herein.

5    24.    This is a declaratory judgment action under the Trademark Laws of the United States,

6    15 USC § 1051 *et seq.*, the Lanham Act, 15 U.S.C. §1125, *et seq.* and the Declaratory Judgment

7    Act, 28 U.S.C. §§ 2201 and 2202.   As an actual justiciable controversy exists by way of the credible

8    threat of immediate litigation and demand to cease and desist the performance of the Plaintiff's

9    services, Plaintiff seeks relief from this Court.

10    25.    Plaintiff is entitled to declaratory judgment that it is not infringing, has not infringed,

11    and is not liable for infringing any allegedly enforceable trademark rights owned by Defendant

12    relating to the provision of educational and advocacy materials to the international atheist

13    community, either directly or by inducing others to infringe or by contributing to infringement by

14    others.

15

**REQUEST FOR RELIEF**

16    WHEREFORE, Plaintiff seeks judgment awarding it the following relief:

17    a)    An order declaring that Plaintiff AAI-233 has not infringed any valid, distinctive

18    and enforceable trademark rights owned by Defendant  AAI-119 relating to the provision of

19    educational materials and advocacy support for the international atheist community;

20    b)    An order declaring that Defendant's use of the name "ATHEIST ALLIANCE

21    INTERNATIONAL" and that Defendant's use of the logo with the stylized red capital letter "A,"

22    is exactly the same as the name and logo used by Plaintiff since its inception. The exact use of the

**PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT**          **Page 6**
**AND RELIEF PURSUANT TO 15 U.S.C. § 1125**

1   name and the logo causes confusion in the marketplace as to the source of the educational and

2   advocacy materials.

3         c)     An order declaring that the website URL used by Defendant AAI-119, i.e.,

4   https://www.atheist-alliance.org/ is confusingly similar to the website URL used by Plaintiff AAI-

5   233, i.e., https://www.atheistalliance.org/. The similarity of the URLs causes confusion in the

6   marketplace as to the source of the educational and advocacy materials.

7         d)     An order declaring that Defendant AAI-119 does not have the right to use the

8   trademark "ATHEIST ALLIANCE INTERNATIONAL" or any part of the logo used by Plaintiff

9   AAI-233 since its inception.

10         e)     An order awarding attorneys' fees, costs, and expenses incurred in connection with

11   this action to Plaintiff AAI-233; and

12         (f)     An order awarding such other and further relief as this Court deems just and proper.

13                                                 **DEMAND FOR JURY TRIAL**

14         Plaintiff hereby demands a jury trial.

15   Dated: July 1, 2024              Respectfully submitted,

16                                       **ATHEIST ALLIANCE**

17                                       **INTERNATIONAL.**

18                                       California Registration No. 3398233

19
20                                       Fotios Fragkopoulos

21                                       Board Secretary

**PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT**        **Page 7**
**AND RELIEF PURSUANT TO 15 U.S.C. § 1125**